UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 14-1534 FMO (JPRx) | Date | February 23, 2015 |
|---|---|---|---|
| Title | Ronald Thomas Poulson et al. v. Bank of America National Association | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | Attorney Present for Defendant(s): | |
| None Present | None Present | |

**Proceedings:** (In Chambers) Order Re: Pending Motion

Having considered all the briefing filed with respect to defendant Bank of America, N.A. as Successor by Merger to Lasalle Bank NAAS Trustee for Certification Holders of Bear Sterns Asset Backed Securities 1 LLC, Asset-Backed Certificates Series 2007-HE3's ("defendant" or "Bank of America") Motion to Dismiss Plaintiffs' Complaint ("Motion"), the court concludes that oral argument is not necessary to resolve the Motion. See Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001).

**BACKGROUND**[1]

On July 25, 2014, pro se plaintiffs Ronald Thomas Poulson ("Ronald Poulson") and Dulcisima Sinubad Poulson (collectively, "plaintiffs"), filed a verified complaint against Bank of

---

[1] The relevant facts are based on the Complaint and Defendant Bank of America, N.A.'s Request for Judicial Notice in Support of Motion to Dismiss Plaintiffs' Complaint ("RJN"). Bank of America requests that the court to take judicial notice of recorded documents and court records. Plaintiffs do not expressly object to Bank of America's RJN. (See, generally, Objection to Defendant Bank of America N.A.'s Notice of Motion and Motion to Dismiss Plaintiff's Complaint ("Opp.") & Objection to Bank of America's Memorandum of Points and Authorities in Reply to the Opposition/Objection to It's Motion to Dismiss ("Obj.")). In any event "[a] court may take judicial notice of matters of public record[]" without converting a motion to dismiss into a motion for summary judgment. See Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) (internal quotation marks omitted). Having reviewed the documents attached to the RJN, the court will take judicial notice of the subject documents. See Dunfee v. Truman Capital Advisors, LP, 2013 WL 1285152, *2 n. 2 (S.D. Cal. 2013) (taking judicial notice of deed of trust, notice of default, notice of trustee's sale and a trustee's deed upon sale); Velasquez v. Countrywide Home Loans, Inc., 2012 WL 2368285, *2 (N.D. Cal. 2012) (same); Gomez v. Wells Fargo Home Mortg., 2011 WL 5834949, *1 n. 2 (N.D. Cal. 2011) (same); Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n. 6 (9th Cir. 2006) (taking judicial notice of court filings); Rodriguez v. Bank of New York Mellon, 2014 WL 229274, *4 (S.D. Cal. 2014) (taking judicial notice of state court filings).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 14-1534 FMO (JPRx) | Date | February 23, 2015 |
|---|---|---|---|
| Title | Ronald Thomas Poulson et al. v. Bank of America National Association | | |

America, asserting claims for (1) "Action of Case"; and (2) quiet title. (See Complaint). Plaintiffs allege, among other things, that Bank of America lacks standing because the Note and Deed of Trust were split and the loan was securitized. (See, e.g., Complaint at ¶¶ 13, 17 & 24-26).

I.  THE LOAN AND FORECLOSURE.

On or about December 4, 2006, plaintiffs obtained a loan for $304,000, which was secured by a Deed of Trust ("DOT") on their property located on Lilac Road in San Jacinto, California (the "Property"). (See Complaint at Exhibit ("Exh.") 3 (DOT); RJN at Exh. 12 (DOT).

Plaintiffs subsequently defaulted on the loan, and on September 8, 2009, NDeX West, LLC ("NDeX"), as "agent for the Beneficiary" recorded a Notice of Default and Election to Sell Under the Deed of Trust. (See RJN at Exh. 1). On November 13, 2009, NDeX was substituted in as foreclosure trustee pursuant to the DOT. (RJN at Exh. 2).

On August 17, 2010, a Notice of Trustee's Sale was recorded. (RJN at Exh. 3). The Notice of Trustee's Sale advised plaintiffs that a trustee's sale was set for September 7, 2010, (id. at 1), and that the total unpaid balance on the loan was $348,697.95. (Id.). Following the trustee's sale, NDeX, as substitute trustee, recorded a Trustee's Deed Upon Sale on September 16, 2010, which conveyed all right, title and interest in the Property to Bank of America. (RJN, Exh. 4 at 1).

II.  PRIOR LITIGATION.

On April 29, 2011, plaintiffs filed a complaint in this court against Bank of America and others, asserting state and federal claims relating to the foreclosure of the Property. (See RJN at Exh. 5 (Ronald Poulson, et al. v. Bank of America, National Association As Successor By Merger to Lasalle Bank National Association As Trustee for Certificate Holders of Bear Sterns Asset Backed Securities 1 LLC, Asset Backed Certificates, Series 2007-HE3, et al., CV 11-3713 GHK (DTBx)). On December 20, 2011, Judge King dismissed plaintiffs' First Amended Complaint. (See RJN at Exh. 6). Judge King dismissed the RICO claim with prejudice, declined to exercise supplemental jurisdiction as to plaintiffs' remaining state-law claims, and dismissed those claims without prejudice. (See id. at 7). Judge King permitted plaintiffs to "re-file their state law claims in state court within 30 days." (Id.). Judgment was entered accordingly on the same day. (See RJN at Exh. 7).

On January 23, 2012, plaintiffs filed a state-court complaint against Bank of America, and others, asserting claims for (1) wrongful foreclosure; (2) intentional fraud; and (3) breach of contract ("State Action"). (See RJN at Exh. 8 (Ronald Poulson, et al. v. Bank of America, National Association As Successor By Merger to Lasalle Bank National Association As Trustee for Certificate Holders of Bear Sterns Asset Backed Securities 1 LLC, Asset Backed Certificates, Series 2007-HE3, et al., Superior Court for the State of California, Riverside County, Case No. RIC 1201008) ("State Complaint")). Plaintiffs alleged, among other things, that Bank of America lacked standing with respect to its legal interest in the Property, and its right to foreclose. (See, e.g.,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 14-1534 FMO (JPRx) | Date | **February 23, 2015** |
|---|---|---|---|
| Title | Ronald Thomas Poulson et al. v. Bank of America National Association | | |

State Complaint at 4[2] ("There was no party with standing to foreclose."); id. at 5-6 ("The lender successors lacked standing for not owning/holding the mortgage at the time of foreclosure."); id. at ¶ 34 ("Defendants are not persons entitled to enforce the alleged debt due to a lack of standing[.]")). Plaintiffs also alleged that the loan was securitized, rendering invalid the foreclosure of the property, (see, e.g., id. at ¶ 33 (the property was transferred to Bank of America even though "the ownership and possession of the original Note and Deed of Trust has occurred and as the true owner and holder of both the original Note and Deed of Trust are unknown as a result of multiple alleged assignments and the parsed sale of certain rights under the Note to several plus third parties Defendants who cannot legally foreclose without proof of claim of standing and ownership of debt"), and that the foreclosure was invalid because the Note and DOT were separated. (See, e.g., id. at ¶¶ 33 & 36 (defendants have no right to foreclose given "severance of the ownership and possession of the original Note and Deed of Trust"); id. at ¶ 41 ("Defendants 'BOANA' were not and are not in possession of the Note, and are not otherwise entitled to payment.")).

On April 18, 2012, the Riverside County Superior Court issued an order dismissing the State Complaint with prejudice. (See RJN at Exh. 9). On April 23, 2014, the California Court of Appeal affirmed the sustaining of the demurrer, but reversed the judgment of dismissal because a commissioner rather than the judge signed it. (See RJN, Exh 10 ("Appellate Decision") at 24). The "trial court [was] directed to have a judge issue the judgment." (Id.). On July 22, 2014, the trial court entered judgment against plaintiffs. (See RJN at Exh. 11 ("State Court Judgment")).

Plaintiffs filed the instant action a few days later, on July 25, 2014, on the basis of diversity jurisdiction. (See Complaint at ¶ 3).

**LEGAL STANDARD**

A motion to dismiss for failure to state a claim should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly (Twombly), 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007); Ashcroft v. Iqbal (Iqbal), 550 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009); Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 550 U.S. at 678, 129 S.Ct. at 1949; Cook, 637 F.3d at 1004; Caviness v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010). Although the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," Twombly, 550 U.S. at 555, 127 S.Ct. at 1965; Iqbal, 550 U.S. 662 at 678, 129 S.Ct. at 1949; see also Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 973 (9th Cir. 2004), cert. denied, 544 U.S. 974 (2005)

---

[2] Only some paragraphs of the State Complaint are numbered; therefore, the court will refer to the page numbers of the State Complaint when the relevant paragraph is not numbered.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 14-1534 FMO (JPRx) | Date | February 23, 2015 |
|---|---|---|---|
| Title | Ronald Thomas Poulson et al. v. Bank of America National Association | | |

("[T]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.") (citations and internal quotation marks omitted), "[s]pecific facts are not necessary; the [complaint] need only give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93, 127 S.Ct. 2197, 2200 (2007) (per curiam) (citations and internal quotation marks omitted); Twombly, 550 U.S. at 555, 127 S.Ct. at 1964.

In considering whether to dismiss a complaint, the court must accept the allegations of the complaint as true, Erickson, 551 U.S. at 93-94, 127 S.Ct. at 2200; Albright v. Oliver, 510 U.S. 266, 268, 114 S.Ct. 807, 810 (1994), construe the pleading in the light most favorable to the pleading party, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843, 1849 (1969); Berg v. Popham, 412 F.3d 1122, 1125 (9th Cir. 2005). Pro se pleadings are "to be liberally construed" and are held to a less stringent standard than those drafted by a lawyer. Erickson, 551 U.S. at 94, 127 S.Ct. at 2200; Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596 (1972) (per curiam); see also Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) ("*Iqbal* incorporated the *Twombly* pleading standard and *Twombly* did not alter courts' treatment of *pro se* filings; accordingly, we continue to construe *pro se* filings liberally when evaluating them under *Iqbal*."). Nevertheless, dismissal for failure to state a claim can be warranted based on either a lack of a cognizable legal theory or the absence of factual support for a cognizable legal theory. See Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). A complaint may also be dismissed for failure to state a claim if it discloses some fact or complete defense that will necessarily defeat the claim. Franklin v. Murphy, 745 F.2d 1221, 1228-29 (9th Cir. 1984).

**DISCUSSION**

I.  RES JUDICATA.

Bank of America contends that the instant action is barred in its entirety by res judicata. (See Motion at 6-8).

"Res judicata, or claim preclusion, prohibits lawsuits on any claims that were raised or *could have been raised* in a prior action." Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002) (internal quotation marks omitted) (italics in original). "If the former judgment is a state court judgment, the [c]ourt applies the res judicata and collateral estoppel rules of the state." Lodin v. Bank of America, N.A., 2014 WL 296927, *2 (N.D. Cal. 2014); see Palomar Mobilehome Park Ass'n v. City of San Marcos, 989 F.2d 362, 364 (9th Cir. 1993) ("The Full Faith and Credit Act, 28 U.S.C. § 1738, requires that we give the same preclusive effect to a state-court judgment as another court of that State would give.") (internal quotation marks omitted). Under California law, res judicata applies when "(1) [a] claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 14-1534 FMO (JPRx) | Date | February 23, 2015 |
|---|---|---|---|
| Title | Ronald Thomas Poulson et al. v. Bank of America National Association | | |

merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding." Boeken v. Philip Morris USA, Inc., 48 Cal.4th 788, 797 (2010) (internal quotation marks omitted).

    A.    Identity of Claims.

For res judicata purposes, California applies the primary rights theory. See Boeken, 48 Cal.4th at 797. "There is an identity of claims if two proceedings are based on the same primary right or injury." Lodin, 2014 WL 296927, at *3 (internal quotation marks omitted). "[A] cause of action arises out of an antecedent primary right and corresponding duty and the delict or breach of such primary right and duty by the person on whom the duty rests." Boeken, 48 Cal.4th at 797-98 (internal quotation marks omitted). "The cause of action is the right to obtain redress for a harm suffered, regardless of the specific remedy sought or the legal theory (common law or statutory) advanced." Id. at 798. As such, "[e]ven where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim for relief." Id. "[I]f two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." San Diego Police Officers' Ass'n v. San Diego City Employees' Retirement Sys., 568 F.3d 725, 734 (9th Cir. 2009) (internal quotation marks omitted).

"California, as most states, recognizes that the doctrine of res judicata will bar not only those claims actually litigated in a prior proceeding, but also claims that could have been litigated." Palomar Mobilehome Park Ass'n, 989 F.2d at 364; see Kay v. City of Rancho Palos Verdes, 504 F.3d 803, 809 (9th Cir. 2007) ("*Res Judicata* . . . prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding."). Finally, "under the primary rights theory, the determinative factor is the harm suffered. When two actions involving the same parties seek compensation for the same harm, they generally involve the same primary right." Boeken, 48 Cal.4th at 798; see Gonzalez, 739 F.3d at 1233 (internal quotation marks omitted).

Here, the claims asserted in the present action arise from the same primary right asserted in the State Action. The primary right at issue is plaintiffs' right to the Property. In both actions, plaintiffs complain of the same harm: the wrongful foreclosure of the Property. (Compare State Complaint at ¶¶ 13, 17 & 24-26 with State Complaint at 4-6, ¶¶ 33=34, 36, & 41); see Ros v. U.S. Bank, Nat. Ass'n, 2013 WL 3190684, *4 (S.D. Cal. 2013) (finding same primary right involved in two successive suits); Thomas v. Bank of America, N.A., 2013 WL 3992999, *6 (S.D. Cal. 2013) ("The primary right is Plaintiff's property right to the subject property. The harm for which Plaintiff sought relief in state court is the same harm for which he now seeks to hold defendants liable which is the foreclosure of his property. The alleged wrong by Defendants is that Defendants wrongfully foreclosed on his property."); Mendaros v. JPMorgan Chase Bank, N.A., 2014 WL 3373447, *4 (N.D. Cal. 2014) (finding state and federal lawsuits involved identical claims - "the right to be free from an unlawful foreclosure"); Rodriguez, 2014 WL 229274, at *6 (finding identical

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 14-1534 FMO (JPRx) | Date | February 23, 2015 |
|---|---|---|---|
| Title | Ronald Thomas Poulson et al. v. Bank of America National Association | | |

claims in state and federal lawsuits where they arose "from the same foreclosure process and documents").

Relying on the definition of "identical" as "Exactly the same for all practical purposes[,]" (see Opp. at 11) (citing Black's Law Dictionary, Fourth Ed., at 880), plaintiffs contend that res judicata is inapplicable because "this action is NOT identical to a prior claim." (Opp. at 11; Obj. at 3) (emphasis in original). Plaintiffs reason that the State Action did not challenge "Allodial Title,"[3] suggesting that since they did not expressly assert a specific cause of action related to "Allodial Title" or allege or assert specific facts related to such a claim, the claims in this action and the State Action are not identical.[4] (Obj. at 3; see, e.g., Complaint at ¶¶ 7-10 & 43). However, as stated above, the doctrine of res judicata applies "not only [to those] claims actually litigated in a prior proceeding, but also claims that could have been litigated." Palomar Mobilehome Park Ass'n, 989 F.2d at 364; see also Kay, 504 F.3d at 809 ("*Res Judicata* . . . prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding."). The fact that plaintiffs may have recast their theories or added additional facts in the present action does not change the outcome. See San Diego Police Officers' Ass'n, 568 F.3d at 734 ("[I]f two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery.") (internal quotation marks omitted); Thomas, 2013 WL 3992999, at *6 ("The fact that Plaintiff raises new theories for relief is not relevant for purposes of claim preclusion. Through different proceedings, Plaintiff has been seeking relief for the alleged wrongful foreclosure of the property.").

B.  Final Judgment on the Merits.

For res judicata purposes, "a judgment entered after the sustaining of a general demurrer is a judgment on the merits, and, to the extent that it adjudicates that the facts alleged do not establish a cause of action, it will bar a second cause of action on the same facts." Palomar Mobilehome Park Ass'n, 989 F.2d at 364. Here, the California Court of Appeal affirmed the trial court's sustaining of the demurrer without leave to amend on April 23, 2014, (see Appellate Decision at 24), and the trial court entered judgment on July 22, 2014. (See State Court Judgment). Accordingly, the prior proceeding resulted in a final judgment on the merits.

C.  Privity Between the Parties.

---

[3] "The term 'allodial' refers to property '[h]eld in absolute ownership.'" Kuder v. Haas, 2010 WL 4983455, *1 n. 2 (E.D. Cal. 2010) (quoting Black's Law Dictionary at 76 (7th ed. 1999)).

[4] The court notes that Ronald Poulson did argue in the state court that he "had superior title on the property" and that he "had a land patent on the property." (See Appellate Decision at 12).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 14-1534 FMO (JPRx) | Date | February 23, 2015 |
|---|---|---|---|
| Title | Ronald Thomas Poulson et al. v. Bank of America National Association | | |

Because the same plaintiffs sued Bank of America in both actions,[5] there is privity between the parties.[6]

II.    DISMISSAL WITHOUT LEAVE TO AMEND.

Rule 15 of the Federal Rules of Civil Procedure provides that the court "should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2); see Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990) (The policy favoring amendment must "be applied with extreme liberality.").  However, "[i]t is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330, 91 S.Ct. 795, 802 (1971).  This decision is guided by an examination of several factors, including: (1) whether the amendment causes the opposing party undue prejudice; (2) whether the amendment is sought in bad faith; (3) whether the amendment causes undue delay; (4) whether the amendment constitutes an exercise in futility; and (5) whether the plaintiff has previously amended his or her complaint.  See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 & n. 3 (9th Cir. 1987).

Having liberally construed and assumed the truth of the allegations in the Complaint, the court is persuaded that plaintiffs' claims cannot be saved through amendment.  See Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Courts are not required to grant leave to amend if a complaint lacks merit entirely.").  Plaintiffs' action is barred by res judicata.  Under the circumstances, it would be futile to afford plaintiffs an opportunity to amend.  Accordingly, plaintiffs' Complaint will be dismissed without leave to amend.

**This Order is not intended for publication.  Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

### CONCLUSION

Based on the foregoing, IT IS ORDERED THAT:

1.  Defendant Bank of America's Motion to Dismiss Plaintiffs' Complaint **(Document No. 11)** is **granted**.

2.  Plaintiffs' Complaint **(Document No. 1)** is **dismissed with prejudice**.  Judgment shall be entered accordingly.

---

[5] In the State Action, plaintiffs sued additional parties.  (See State Complaint).

[6] Because the court concludes that res judicata bars the present action, the court will not address Bank of America's alternative contentions regarding the sufficiency of the allegations in the Complaint.  (See Motion at 8-12).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 14-1534 FMO (JPRx) | Date | February 23, 2015 |
|---|---|---|---|
| Title | Ronald Thomas Poulson et al. v. Bank of America National Association | | |

    3.  Plaintiffs' Motion to Consolidate Two Civil Actions **(Document No. 48)** is **denied as moot**.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | | vdr | |